IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3136-D

| | | |
|---|---|---|
| CHRIS FORDHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SERGEANT HAYWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 7, 2009, Chris Fordham ("Fordham" or "plaintiff"), a state inmate incarcerated at Central Prison, filed this action pursuant to 42 U.S.C. § 1983 [D.E.1].[1] Fordham names as

---

[1] Fordham is a well-known litigant in this court. See Fordham v. Keller, No. 5:10-CT-3072-D (E.D.N.C. May 13, 2010) (complaint); Fordham v. Brayboy, No. 5:08-CT-3127-BO (E.D.N.C. June 15, 2009) (unpublished) (dismissed without prejudice for failure to comply with court order); Fordham v. Dyer, No. 5:08-CT-3099-BO (E.D.N.C. Aug. 4, 2008) (complaint); Fordham v. McRae, No. 5:07-CT-3157-D (E.D.N.C. Jan. 21, 2011) (unpublished) (summary judgment for defendants); Fordham v. Barr, No. 5:07-CT-3101-D (E.D.N.C. Sept. 7, 2007) (unpublished) (transferred to the Middle District of North Carolina); Fordham v. Bennett, No. 5:06-CT-3126-FL (E.D.N.C. Mar. 21, 2007) (unpublished) (dismissed without prejudice for failure to particularize), appeal dismissed, 272 F. App'x 297 (4th Cir. 2008) (per curiam) (unpublished); Fordham v. N.C. Dep't of Corr., No. 5:98-CT-789-BO (E.D.N.C. Nov. 16, 1999) (unpublished) (summary judgment for defendants), aff'd, 230 F.3d 1352 (4th Cir. 2000) (per curiam) (unpublished table decision); Fordham v. Freeman, No. 5:97-CT-385-BO (E.D.N.C. June 23, 1997) (unpublished) (dismissed as frivolous), appeal dismissed, 133 F.3d 914 (4th Cir. 1997) (per curiam) (unpublished table decision); Fordham v. Lee, No. 5:94-CT-473-BR (E.D.N.C. Jan. 18, 1996) (unpublished) (summary judgment for defendants), aff'd sub nom. Fordham v. Nowell, 91 F.3d 130 (4th Cir. 1996) (per curiam) (unpublished table decision). Fordham is also a prolific (albeit unsuccessful) litigant in the United States District Court for the Middle District of North Carolina. See Fordham v. Barr, No. 1:08-CV-371-JAB-WWD (M.D.N.C. July 16, 2009) (unpublished) (dismissed without prejudice); Fordham v. Jones, No. 1:08-CV-678-JAB-RAE (M.D.N.C. Oct. 24, 2008) (unpublished) (dismissed without prejudice); Fordham v. Jones, No. 1:08-CV-461-JAB-RAE (M.D.N.C. Sept. 2, 2008) (unpublished) (dismissed without prejudice); Fordham v. Barr, No. 1:08-CV-251-JAB-RAE (M.D.N.C. May 15, 2008) (unpublished) (dismissed without prejudice for failure to state a claim); Fordham v. Barr, No. 1:08-CV-167-JAB-RAE (M.D.N.C. May 15, 2008) (unpublished) (dismissed without prejudice); Fordham v. Barr, No. 1:08-CV-17-JAB-RAE (M.D.N.C. Mar. 26, 2008) (unpublished) (dismissed without prejudice); Fordham v. Hubbard, No. 1:08-CV-44-JAB-RAE (M.D.N.C. Mar. 3, 2008) (unpublished) (dismissed without prejudice);

defendants Central Prison staff Sergeant Haywood, Officer Morgan, Nurse John P. Jones, and Nurse Jane Doe. Fordham proceeds pro se and in forma pauperis [D.E. 2]. On January 28, 2010, the court allowed the claims asserted by plaintiff in his original complaint to proceed [D.E. 9]. On January 29, 2010, the clerk directed North Carolina Prisoner Legal Services ("NCPLS") to investigate plaintiff's claims [D.E. 10].

On March 4, 2010, all defendants were served [D.E. 13]. On March 24, 2010, Fordham filed objections to the court's January 28, 2010 order [D.E. 15] and a motion directing the clerk to file his objections [D.E. 16], along with an affidavit in support of the motion [D.E. 17]. On April 19, 2010, NCPLS responded that it had investigated Fordham's claims and determined that appointment of counsel was not warranted [D.E. 18]. On April 29, 2010, Fordham filed a motion for default judgment [D.E. 19], along with an affidavit in support [D.E. 20]. On June 18, 2010, having obtained an extension of time from the court, all defendants answered the complaint [D.E. 23].[2] On August 23, 2010, all defendants filed a motion to dismiss [D.E. 25]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Fordham about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 27]. On October 25, 2010, Fordham filed a response in opposition [D.E. 28]. As explained below,

---

Fordham v. Barr, No. 1:07-CV-679-JAB-RAE (M.D.N.C. Jan. 4, 2008) (unpublished) (dismissed without prejudice).

[2] On April 29, 2010, Fordham filed his motion for default judgment, contending that defendants had not answered the complaint. Mot. Default J. 2. The clerk's January 29, 2010 order allowed defendants until thirty days after NCPLS filed its response to the order of investigation to answer the complaint [D.E. 10]. NCPLS filed its response on April 19, 2010 [D.E. 18]. Thus, defendants' answer was not due until May 19, 2010. On that date, defendants filed for an extension of time to answer the complaint [D.E. 21]. The clerk reviewed the motion, found that defendants had shown good cause, and extended the time for defendants to answer to June 18, 2010 [D.E. 22]. Defendants timely filed an answer to the complaint on June 18, 2010 [D.E. 23]. Accordingly, Fordham's motion for default judgment [D.E. 19] is denied.

2

defendants' motion to dismiss [D.E. 25] is granted, and the remaining motions [D.E. 16, 19] are denied.

I.

In August 2006, Fordham asserts that he was committed involuntarily to Central Prison to receive mental health treatment. Compl. 4. While undergoing processing after transfer, Fordham alleges defendants used excessive force against him and were deliberately indifferent to his serious medical needs. Id. at 4–8. Fordham also alleges that defendants held him in a dirty, feces-smeared cell. Id. at 4, 8. As a result, Fordham asserts that defendants violated his rights under the United States Constitution and the Americans with Disabilities Act. Id. at 8. Defendants seek dismissal because Fordham failed to exhaust his administrative remedies concerning these claims before filing this action, and they have produced evidence that Fordham did not exhaust his administrative remedies until after he filed this action. Mem. Supp. Mot. Dismiss 2–4; see also Answer, Exs. A–C (copies of grievances filed after plaintiff filed this action).[3]

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v.

---

[3] Defendants do not concede that Fordham's grievances pertain to the claims in his complaint. See Mem. Supp. Mot. Dismiss 4. The court, however, need not reach this issue.

3

Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

The Prison Litigation Reform Act of 1995 ("PLRA") requires inmates to exhaust administrative remedies before filing suit to challenge the conditions of their confinement. See 42 U.S.C. § 1997e(a). Therefore, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see Jones v. Bock, 549 U.S. 199, 211 (2007). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211; see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x 304, 304 & n.1 (4th Cir. 2006) (per curiam)

(unpublished); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

When an inmate files suit early, courts typically dismiss the action without prejudice. See, e.g., Ford, 362 F.3d at 401; Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished); Shouse v. Madsen, Civ. A. No. 7:09-CV-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). A dismissal without prejudice allows the prisoner an opportunity to exhaust the administrative process and then file a new suit, if the prisoner so chooses.

Fordham responds that "since 9/27/10 [he] experienced several transfers + did NOT have adequate access to [his] property or legal supplies" and is "currently housed in the NCDOC's Central Prison Hospital and . . . unable to respond defensively adequately." Resp. Opp'n Mot. Dismiss 1. Fordham's response, however, fails to address defendants' argument or evidence, and does not explain his failure to exhaust his administrative remedies before filing the complaint. Accordingly, the court concludes that dismissal without prejudice is appropriate.

As for Fordham's "motion directing clerk to file" his objections to the court's January 28, 2010 order, the court treats Fordham's motion as a motion under Federal Rule of Civil Procedure 54(b). See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of [final] judgment . . . ."); Perry-Bey v. City of Norfolk, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009). Fordham has not presented any argument warranting reconsideration. Accordingly, the court denies the motion. To the extent Fordham simply seeks to file his objections, the motion is denied as moot, given that the clerk did file Fordham's objections.

5

II.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 25], DISMISSES the complaint without prejudice, and DENIES Fordham's motions [D.E. 16, 19].

SO ORDERED. This _2_ day of February 2011.

JAMES C. DEVER III
United States District Judge